## Service of Process Transmittal Summary

**TO:** Stephen Mahieu, Chief Counsel, Litigation
Kraft Heinz Foods Company
200 E. Randolph St., 75th Floor
Chicago, IL 60601

**RE:** **Process Served in Tennessee**

**FOR:** Kraft Heinz Foods Company (LLC) (Assumed Name) (Domestic State: PA)
Kraft Heinz Foods Company (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CHRISTOPHER ROCK, SANDE ROCK // To: Kraft Heinz Foods Company (LLC) |
| **CASE #:** | 17969 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 01/28/2025 |
| **JURISDICTION SERVED:** | Tennessee |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, Sabrina Hudson sabrina.hudson@us.hjheinz.com<br>Email Notification, Stephen Mahieu stephen.mahieu@kraftheinz.com<br>Email Notification, Isabelle Kountz isabelle.korshak@kraftheinz.com<br>Email Notification, Stephen Mahieu stephen.mahieu@kraftheinz.com<br>Email Notification, Elizabeth Rice elizabeth.rice@kraftheinz.com<br>Email Notification, Caroline Teichner caroline.teichner@kraftheinz.com<br>Email Notification, Courtney Ofosu courtney.ofosu@kraftheinz.com<br>Email Notification, Haley Egan haley.egan@kraftheinz.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>300 Montvue RD<br>Knoxville, TN 37919<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL®

9589 0710 5270 0467 1599 35

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 37027
02 7H
0006189052

$ 010.99⁰
JAN 22 2025

LAW OFFICES OF
JOHN DAY P.C.
INJURY ATTORNEYS

5141 Virginia Way, Suite 270 I Brentwood, Tennessee 37027

Kraft Heinz Food Company (LLC), C/o It's R.A.
CT Corporation System
300 Montvue, Rd
Knoxville, TN 37919-5546

SUMMONS SERVE

# STATE OF TENNESSEE

## MAURY COUNTY

**CIRCUIT COURT AT COLUMBIA, TN**

FOR ASSISTANCE PLEASE CALL! **931-375-1100**

CHRISTOPHER ROCK, SANDE ROCK

Plaintiffs,

V.

KRAFT HEINZ FOODS COMPANY (LLC) C/O IT'S

REGISTERED AGENT CT CORPORATION SYSTEM

Defendants.

Number 17969

CIRCUIT COURT SUMMONS

**TO Kraft Heinz Food Company (LLC), through it's registered agent, CT Corporation System, 300 Montvue, Rd, Knoxville, TN 37919-5546**

**Defendant in the above entitled civil action:**

You are hereby summoned and required to serve upon J. Thomas Mihalczo, III, plaintiff's attorney, whose address is The Law Offices of John Day, PC, 5141 Virginia Way Suite 270, Brentwood TN 37027, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney.

In case of your failure to defend this action by above date, judgment by default can be rendered against you for the relief demanded in the complaint.

Issued: 1/22/25

Attested to on date issued SANDY McLAIN, Circuit Court Clerk

By: C. Cooper D.C.

**NOTICE**

**To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.**

**ATTORNEY FOR PLAINTIFF** **J. Thomas Mihalczo, III**
**Law Offices of John Day, PC, 5141 Virginia Way Suite 270, Brentwood TN 27027**

**OR**
**PLAINTIFF'S ADDRESS** ______

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

SANDY McLAIN
Circuit Court Clerk

Received this summons for service this ______ day of ______.

SHERIFF

IN THE CIRCUIT COURT FOR MAURY COUNTY, TENNESSEE

| | | |
|---|---|---|
| CHRISTOPHER ROCK, SANDE ROCK | ) | |
| Plaintiffs, | ) | No. 17969 |
| v. | ) | Jury Trial |
| KRAFT HEINZ FOODS COMPANY (LLC) | ) | |
| Defendant, | ) | |

2025 JAN 22 PM 12: 27

**COMPLAINT**

Plaintiffs, Christopher Rock and Sande Rock, for this cause of action against Defendant, state to the Court:

1. Plaintiff Christopher ("Chris") Rock is a resident of Tennessee.

2. Plaintiff Sande Rock is a resident of Tennessee.

3. Plaintiffs are husband and wife.

4. Defendant Kraft Heinz Foods Company LLC ("Kraft") is a Pennsylvania company.

5. The events giving rise to this action occurred in Maury County, Tennessee.

6. On or about January 23, 2024, Plaintiff Chris Rock prepared a box of Kraft macaroni and cheese ("mac & cheese") per the product's instructions.

7. Unbeknownst to Plaintiff Chris Rock, the mac & cheese contained a hard, foreign object.

8. The foreign object resembled a piece of glass. ("glass object").

9. The glass object was inside the mac & cheese before Plaintiff prepared it.

10. The glass object was less than three eights of an inch long.

11. The glass object was hard.

12. The glass object was not supposed to be in the mac & cheese.




13. The mac & cheese was in an unreasonably dangerous condition.

14. Plaintiff Chris Rock consumed the mac & cheese.

15. As a result of consuming the mac & cheese, Plaintiff Chris Rock bit on the glass object.

16. As a result of consuming the mac & cheese, Plaintiff Chris Rock broke two of his teeth.

17. Plaintiffs sent the glass object to Defendant Kraft for inspection.

18. Defendant Kraft told Plaintiffs the glass object was a piece of high-heat silica glass.

19. Defendant Kraft is in or has had possession or control of the glass object.

## FAULT OF DEFENDANT KRAFT

20. Defendant Kraft committed the acts and omissions described herein through its employees and/or agents including but not limited to workers, technicians, crew members, and managers.

21. Defendant Kraft produced the mac and cheese containing the glass object relevant to the alleged matters.

22. Defendant Kraft employed the management and staff involved in producing the mac & cheese.

23. Defendant Kraft is vicariously liable for any acts and/or omissions of its employees and or/agents.

24. Defendant Kraft packaged the mac & cheese for distribution.

25. Defendant Kraft distributed the mac & cheese for sale.

26. Defendant Kraft profited from the Plaintiffs purchase of the mac & cheese.

27. Defendant Kraft understands that foreign objects in its products can cause injury.

28. Defendant Kraft understands that a glass object in its products can cause injury.

29. The negligent acts of Defendant Kraft in packaging, distributing, and selling the mac & cheese caused Mr. Rock to bite into a glass object.

30. The negligent acts of Defendant Kraft in packaging, distributing, and selling the mac & cheese caused Mr. Rock to break two of his teeth.

31. Based on the Defendant Kraft's conduct described herein, Defendant Kraft was negligent.

**DAMAGES**

32. Plaintiff Christopher Rock suffered injuries as a direct and proximate result of the incident.

33. Plaintiff Christopher Rock has incurred and will continue to incur medical bills and other expenses as a direct and proximate result of the incident.

34. Plaintiff Christopher Rock has endured and will continue to endure pain and suffering as a direct and proximate result of the incident.

35. Plaintiff Christopher Rock has endured and will continue to endure lost enjoyment of life as a direct and proximate result of the incident.

36. Plaintiff Christopher Rock has lost and will continue to lose wages as a direct and proximate result of the incident.

37. Plaintiff Christopher Rock seeks to recover for all of his damages allowed under Tennessee law.

38. As a direct and proximate result of the collision, Plaintiff Sande Rock lost the consortium of her spouse, Christopher Rock.

39. Plaintiffs, seeks all of their damages allowed under Tennessee law.

WHEREFORE, Plaintiffs, prays for the following relief:

1. A judgment for compensatory damages against Defendant in an amount to be determined by a jury. Because Tennessee law of pleading generally requires a plaintiff to state a maximum possible recovery amount, Plaintiffs state, out of an abundance of caution, that the maximum they would accept through a judgment is $500,000.00, but Plaintiffs may ask the jury for a lesser amount at trial, and ultimately Plaintiffs seek whatever amount the jury decides is fair and reasonable.

2. An award of all discretionary costs and court costs;

3. A jury be empaneled for the trial of this cause; and

4. Such other and further relief as shall be deemed reasonable and necessary.

Respectfully submitted,

*/s/ J. Thomas Mihalczo, III*
J. Thomas Mihalczo, III, BPR# 038022
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, TN 37027
Telephone: 615.742.4880
Facsimile: 615.742.4881
tmihalczo@johndaylegal.com
*Attorney For Plaintiffs*

IN THE CIRCUIT COURT FOR MAURY COUNTY, TENNESSEE

| | | |
|---|---|---|
| CHRISTOPHER ROCK, SANDE ROCK | ) | |
| Plaintiffs, | ) | No. |
| v. | ) | |
| KRAFT HEINZ FOODS COMPANY (LLC) | ) | |
| Defendant. | ) | |

2025 JAN 22 PM 12: 27

**PLAINTIFF CHRISTOPHER ROCK'S FIRST WRITTEN DISCOVERY REQUESTS TO DEFENDANT KRAFT HEINZ FOODS COMPANY (LLC)**

Plaintiff Christopher Rock, pursuant to Tennessee Rules of Civil Procedure 26, 33, and 34, propounds the following written discovery requests to Defendant Kraft Heinz Foods Company (LLC) to be answered within the time period allowed by law. Requested documents and things shall be produced at the Law Offices of John Day, P.C., 5141 Virginia Way, Suite 270, Brentwood, TN 37027.

**PRELIMINARY MATTERS AND DEFINITIONS**

These interrogatories and document requests are continuing in nature, and responses to them should be supplemented as required by Rule 26.05 of the Tennessee Rules of Civil Procedure. Terms in bold throughout these interrogatories and requests for production are to be read with these definitions.

The terms "**identity**" or "**identify,**" with respect to any person, means to provide the name, current residence address, current residence telephone number, current business address, current business telephone number, and the occupation or job title of that person; with respect to any entity, means to provide the name by which the entity is commonly known, the current address of its principal place of business, and the nature of business currently conducted by that entity; with respect to any document, means to provide the date of the document, the identity of the author or preparer of the document, the nature of the document, and the title (if any) of the document, and the custodian of the document.

The term "**document**" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, note, e-mail, paper, photograph, videotape, audio tape, or any other written, typed, reported, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control. If the

information requested is stored in an electronic medium (i.e., on a computer drive, disk, or tape), produce the information in its native file format (including the original file name(s), the electronic data, and any metadata) and on CD or another electronic storage device.

The term "**communication**" means any oral or written utterance, notation, or statement of any nature whatsoever, or transmission of information by oral, graphic, written, pictorial or otherwise perceptible means, including, but not limited: correspondence, conversations, dialogues, discussions, interviews, meetings, consultations, memoranda, agreements or understandings between or among two or more persons, letters, telephone conversations, telegram, facsimile (fax), emails, text messaging, or by any other means or mode of conveying information.

The term "**person**" means any natural person or any form of public, private, business, governmental or legal entity.

The term "**incident**" means the events that occurred on January 23, 2024 that is referred to in the Complaint.

The terms "**you**" and "**your**" refer to Kraft Heinz Foods Company (LLC), its officers, employees, agents, and any **person** acting on its behalf.

The term "**Plaintiff**" refers to Plaintiffs Christopher Rock and Sande Rock.

For the purposes of framing your responses to these interrogatories and document requests, wherever possible the singular should be read to include the plural and vice versa.

The term "or" shall not be read to eliminate any part of an interrogatory, request for production, or request for admission, but instead it should have the same meaning as the word "and" whenever applicable.

If any information requested by these interrogatories and document requests is withheld under a claim of privilege or work product, include in your response a written statement providing the information required by Tennessee Rule of Civil Procedure 26.02(5).

Plaintiff has not left room for a response to these interrogatories and requests for production of documents. Upon request, Plaintiff will send via electronic mail a copy of this document in Word format to Defendant or defense counsel so that a response hereto can be prepared.

## INTERROGATORIES

1. **Identify** all **persons** who participated in preparing responses to this discovery.

**RESPONSE:**

2. **Identify** each **person** whom **you** expect to call as an expert witness on **your** behalf, and for each **person** provide the information set forth in Tennessee Rule of Civil Procedure 26.02(4), including but not limited to: (a) the subject matter on which the expert is expected to

testify, (b) the substance of the facts and opinions to which the expert is expected to testify, (c) a summary of the grounds for each opinion, (d) the witness's qualifications (including a list of all publications authored in the previous ten years), (e) a list of all other cases in which, during the previous four years, the witness testified as an expert, and (f) a statement of the compensation to be paid to the witness. (This includes experts who were specifically retained in anticipation of litigation or in preparation for trial, as well as any other witness who **you** anticipate asking to give expert opinions under the Tennessee Rules of Evidence. For non-retained experts, **you** may omit a list of testimony in other cases if the witness does not regularly maintain that information. Provide full and complete disclosures for each **person**, as Plaintiff will rely on **your** disclosures in choosing whether or not to depose the **person**.)

**RESPONSE:**

3. For each affirmative defense **you** assert in **your** answer, state the factual basis, including the **identity** of all witnesses and **documents** that support **your** contention.

**RESPONSE:**

4. **Identify** every **person** who knows about the **incident** or **Plaintiff's** injuries and losses, describe what the person knows, your relationship to the person, and identify any documents reflecting any statements or interviews of the person about this case. (This includes any **person** who claims or has been reported to know about the **incident** or **Plaintiff**'s injuries and losses, regardless of whether **you** have confirmed as much.)

**RESPONSE:**

5. Do **you** contend that any **person** in any way caused or contributed to cause the **incident** and/or **Plaintiff's** injuries and losses that are the subject of this litigation? If so, **identify** each **person**, describe in detail each act or omission, and **identify** all **persons** or **documents** that support **your** contention.

**RESPONSE:**

6. For the following, describe the investigation and purpose of it, provide the dates any work was done, the **identities** of the **persons** who performed the work, and **identify** any **documents** reviewed, obtained, or created as part of the investigation.

(a) Every investigation of this **incident** that was not done by or for **you**. (This includes investigations by any government agencies and agents, as well as any private companies or individuals who investigated the **incident** independently.)
(b) Every investigation of this **incident** that was done by or for **you** within two weeks of the **incident**.

**RESPONSE:**

7. Describe any **communications** that **you** contend any **Plaintiff** has made regarding

the **incident**, **Plaintiff's** injuries and losses, or any other issue in this case, including in **your** response the substance of the alleged **communication,** the date, location, and circumstances surrounding it, and the **identities** of all **persons** present.

**RESPONSE:**

9. For each photograph, video, and audio recording produced by **you** in this case, identify the person who captured the material, and state the date and time it was captured, where it was captured, and the purpose for which it was captured.

**RESPONSE:**

10. If **you** are aware of but not producing any image, video, or audio recording of the following, **identify** the **person(s)** in possession of the **document**, describe what the document depicts, and state when the document was created:

(a) The scene of the **incident** at any time;
(b) The property and or persons involved in the incident at any time; or,
(c) **Plaintiff** at any time.

(This includes any surveillance photos or videos. This includes photographs, drawings, maps, surveys, and diagrams, regardless of whether to scale).

**RESPONSE:**

11. Please identify any employees who spoke with Plaintiffs regarding the results of the inspection of the glass object as identified in the Complaint.

**RESPONSE:**

**VERIFICATION**

STATE OF ___________________

COUNTY OF _________________

I, _______________________, as ______________________ (title) of Kraft Heinz Foods Company (LLC) after first being duly sworn, state as follows:

I have read the Plaintiff Christopher Rock's First Written Discovery Requests to Defendant Kraft Heinz Foods Company (LLC), and the responses are true and correct.

__________________________________
(Signature)

__________________________________
(Printed Name)

Sworn and subscribed before me, a Notary Public, this the _____ day of ________, 20____.

__________________________________
Notary Public

My commission expires:_______________.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Produce color copies of all images, audio recordings, or video recordings of any **Plaintiff** taken or made at any time. (This includes any surveillance photos or videos. If the image or video recording is stored in an electronic format (such as a computer file or other device), produce it electronically in its original format on CD or another electronic storage device. Do not print or convert the file. Do not remove, edit, or alter any metadata.).

**RESPONSE:**

2. Produce all medical records and bills of any **Plaintiff** (this includes all medical records and bills obtained by **your** lawyers, insurance companies, or any other person helping you in this case, before or after the lawsuit was filed).

**RESPONSE:**

3. Produce all **documents** and other evidence that **you** believe supports any affirmative defenses asserted in **your** answer.

**RESPONSE:**

4. Produce any statements or interviews of any **person** about this case. (This includes statements by or interviews of **Plaintiff,** as well as any other **person**. It includes statements or interviews about this case taken by any **person**).

**RESPONSE:**

5. Produce all **documents** or other evidence that **you** believe support **your** contention that any **person** in any way caused or contributed to cause the **incident** and/or **Plaintiff's** injuries and losses that are the subject of this litigation.

**RESPONSE:**

8. Produce all **documents** created as part of the following:

(a) Every investigation of this **incident** that was not done by or for **you**. (This includes investigations by any government agencies and agents, as well as any private companies or individuals who investigated the **incident** independently.)

(b) Every investigation of this **incident** that was done by or for **you** within two weeks of the **incident**.

(This includes any reports of the investigation, as well as any materials prepared during the investigation.)

**RESPONSE:**

6. Produce all policies and procedures relating to preventing foreign objects in **your** products, including foreign objects such as the glass object identified in the Complaint.

**RESPONSE**:

7. Produce all communications between **your** employees and/or officers regarding the **incident**.

**RESPONSE:**

8. Produce a copy of your incident reports concerning Plaintiff Chris Rock.

**RESPONSE:**

9. Produce all documents or reports indicating the glass object identified in the Complaint was a piece of high-heat silica glass or silica glass.

**RESPONSE:**

10. Produce all documents regarding your investigation into the glass object.

**RESPONSE:**

11. Please produce all records of complaints or concerns from customers regarding glass objects in your mac & cheese from July 1, 2024, to December 31, 2024.

**RESPONSE:**

Respectfully submitted,

*<u>/s/ J. Thomas Mihalczo, III</u>*
J. Thomas Mihalczo, III, BPR#
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, TN 37027
Telephone: 615.742.4880
Facsimile: 615.742.4881
tmihalczo@johndaylegal.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served with the original summons and complaint.

*/s/ J. Thomas Mihalczo, III*
J. Thomas Mihalczo, III