IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | |
|---|---|
| CHRISTOPHER ROCK, SANDE ROCK <br><br> Plaintiffs, <br><br> v. <br><br> KRAFT HEINZ FOODS COMPANY (LLC) <br><br> Defendants. | No. 1:25-cv-00015 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

This is a personal injury action arising from a foreign glass object that Plaintiff Christopher Rock bit into while eating Kraft Mac & Cheese. Defendant Kraft alleges comparative fault against certain unidentified non-parties/persons in its Third, Fourth, and Seventh Affirmative Defenses. In its Fourteenth, Twenty-Third, and Twenty-Fourth Affirmative Defenses, Defendant Kraft further alleges that the Plaintiffs' damages were not caused by this event but by some other superseding cause or incident. Defendant Kraft does not identify or provide Plaintiffs with notice of who these supposed non-parties might be or identify any superseding actors or incidents that Defendant Kraft believes are responsible for Plaintiffs' damages.

This matter was removed to federal court based upon diversity jurisdiction. Under substantive Tennessee law, a defendant is required to identify the persons to whom fault may be assessed. Specific identification in the answer of an individual or entity to whom fault may be placed is critical under substantive Tennessee law because it enables the plaintiff to add any named nonparties to the lawsuit. However, lacking specific identification, a plaintiff cannot bring all parties before the Court to obtain a complete financial recovery.

Because Defendant Kraft has not identified the persons they contend could be at fault or what other superseding actors or incidents are responsible for Plaintiffs' damages, its Third, Fourth, Seventh, Fourteenth, Twenty-Third, and Twenty-Fourth Affirmative Defenses are legally insufficient and should be stricken from its Answer.

## I. Background

Plaintiff Christopher Rock suffered fractures in two of his teeth when he bit into a foreign glass object while eating Kraft Mac & Cheese. Plaintiffs filed suit against Defendant Kraft in the Circuit Court for Maury County, Tennessee, on January 22, 2025. (Doc. No. 1-1,  p. 4-8). On February 25, 2025, invoking diversity jurisdiction, Defendant Kraft filed a Notice of Removal. (Doc. No. 1). Thereafter, Defendant filed its Answer on February 26, 2025. (Doc. No. 6).

## II. Argument

### A. Defendant Kraft's Comparative Fault Affirmative Defenses Are Legally Deficient

Defendant's Answer alleges comparative fault allegations against nonparties by pleading:

**THIRD DEFENSE**

Plaintiffs' allegations of damages or expenses relating to the damages were caused, in whole or in part, **by the acts or omissions of another or others for whose conduct Defendant is not responsible and over whose conduct Defendant has no control.**

(Doc. No. 6, p. 6)

**FOURTH DEFENSE**

If any damages were sustained by the Plaintiffs as alleged in the Complaint, which damages are expressly denied, all such damages have been caused and brought about in whole or in material part by the affirmative wrongdoing, negligence, want of care, and other culpable conduct and/or comparative negligence of the Plaintiffs **and/or persons other than Defendant**, without similar acts of Defendant contributing thereto, and as a consequence thereof the Plaintiffs' damages should be reduced or barred by the proportion of the Plaintiffs' culpable conduct which caused the alleged damages. Furthermore, any damages awarded to Plaintiffs should be **apportioned to each party and/or non-party found to have fault.**

(*Id.*)

2

## SEVENTH DEFENSE

Defendant exercised due care and diligence in all of the matters alleged in the Complaint and **no act or omission by this Defendant was the proximate cause of any damage**, injury, or loss to Plaintiff. Upon information and belief, Plaintiffs' damages, if any, were not directly and proximately caused by any alleged act, error, or omission of Defendant as a matter of law, and, therefore, Plaintiffs are not entitled to recover from Defendant.

(*Id* at p. 7)

Defendant does not identify the non-parties or other persons supposedly responsible for Plaintiffs' damages. Under Federal Rule of Civil Procedure 8(c), a defendant is required to set forth affirmatively any matter constituting an avoidance or affirmative defense, including comparative fault. The Court may order stricken any insufficient defense. Fed. R. Civ. P. 12(f). In diversity cases, the legal sufficiency of a defense is determined under the applicable state substantive law. See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1381 at 789-99 (1969).

A cornerstone of Tennessee substantive law is the requirement that a defendant identify the alleged tortfeasors sufficiently enough to allow the plaintiff to plead and serve process. The Tennessee Supreme Court has clarified that a defendant cannot allege fault against unidentified tortfeasors. In *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 786 (Tenn. 2000), the Supreme Court held that "the defendant may not attribute fault to a nonparty who is not identified sufficiently to allow the plaintiff to plead and serve process on such person under Tenn. Code Ann. § 20-1-119 (1994 & Supp. 1999), even if the defendant establishes the nonparty's existence by clear and convincing evidence."

Accordingly, in providing that a plaintiff should either amend the complaint or institute a separate suit against the "person" alleged as a comparative tortfeasor in defendant's answer, Tenn. Code Ann. § 20-1-119 contemplates that the plaintiff will actually know the identity of the alleged individual or entity.

3

*Brown* at 788 (citation omitted).

Thus, in analyzing whether the comparative fault defense is sufficient, this Court should do so, not in a vacuum, but in the context of the underlying substantive Tennessee law regarding comparative fault allegations and the framework of Tenn. Code Ann. § 20-1-119. When considering the underlying Tennessee substantive law, fair notice of the defense of comparative fault is not truly given unless a defendant identifies the parties being blamed. Federal courts applying Tennessee law in diversity matters have correctly analyzed this issue and stricken comparative fault defenses that fail to identify the alleged tortfeasors. *See, e.g., Willis v. Phillips*, No. 1:18-CV-142, 2018 WL 5983562, at 3 (E.D. Tenn. Nov. 14, 2018); *Welch v. FFE Transp. Services, Inc.*, No. 3:13-cv-336, 2015 WL 3795917, at 4 (E.D. Tenn. June 18, 2015); *Debakker v. Hanger Prosthetics & Orthotics East, Inc.*, No. 3:08-cv-11, 2009 WL 3241739, at 2-3 (E.D. Tenn. Sept. 30, 2009).

By failing to identify the other persons or parties against whom they are asserting comparative fault, Defendant Kraft has failed to meet the legal requirements for asserting comparative fault under Tennessee law. *See Willis v. Phillips*, No. 1:18-CV-142, 2018 WL 5983562, at 3 (E.D. Tenn. Nov. 14, 2018) (quoting *Breeding v. Edwards*, 62 S.W.3d 170, 174 (Tenn. Ct. App. 2001) ("The *Brown* rule 'should be viewed as a shield that can be used by a plaintiff to ward off a defendant's attempt to avoid the imposition of fault upon itself by assigning fault to one who, because of its phantom status, cannot be cast in judgment.'").

Therefore, Defendant Kraft's failure to identify these supposed non-parties, persons, or entities renders its Third, Fourth, and Seventh Affirmative Defenses insufficient and should be stricken so that if Defendant Kraft later identifies a person in a subsequent answer, Plaintiffs may utilize Tenn. Code Ann. § 20-1-119 to join the nonparty to this lawsuit, notwithstanding the expiration of the original statute of limitations.

4

**B. Defendant Kraft's Superseding/Intervening Cause Affirmative Defenses Are Legally Deficient**

Defendant's Answer also alleges superseding/intervening cause by stating:

**FOURTEENTH DEFENSE**

Plaintiffs' alleged injuries and/or damages, if any, were **not caused by the negligence of Defendant**, but rather were proximately caused by the **unforeseeable and/or unintended use(s) and/or misuse(s) of the product in question.**

(Doc. No. 6, p. 9)

**TWENTY-THIRD DEFENSE**

The causes of action asserted against Defendant is precluded because the damages, if any, sustained by **Plaintiffs were solely and proximately caused by superseding causes and/or by independent intervening causes outside the control of this Defendant.**

(Doc. No. 6, p. 10)

**TWENTY-FOURTH DEFENSE**

To the extent the same may be established in this matter as this case moves forward, it is averred that the **claimed injuries and/or problems claimed by Plaintiffs are not the sole result of the incident at issue**. Defendant reserves the right to amend this averment as additional information becomes available through the discovery process.

(*Id.*)

Again, Defendant Kraft's allegations of superseding/intervening cause do not provide Plaintiffs with notice of the supposed superseding actors or incidents. The Tennessee Supreme Court recently reaffirmed the principles decided in *Brown v. Wal-Mart Disc. Cities* in a case involving a defendant's allegation in an answer alleging that a nonparty was a cause-in-fact of the plaintiff's injury but that stopped short of alleging the nonparty was at fault. *Crotty v. Flora,* No. M202101193SCR11CV, 2023 WL 6342049, at 7 (Tenn. Sept. 29, 2023). Reaffirming its analysis in *Brown* in the context of the statute of limitations set out in Tenn. Code Ann. § 20-1-119, the Tennessee Supreme Court again held that because the statute "contemplates that the plaintiff will

actually know the identity of the alleged individual or entity," Rule 8.03 requires that a nonparty blamed in an answer must be "identified sufficiently to allow the plaintiff to plead and serve process on such person …" *Crotty*, at 8 (quoting *Brown*, at 787-88).

Defendant Kraft's Fourteenth, Twenty-Third, and Twenty-Fourth Affirmative Defenses seek to shift blame to unidentified actors for causing Plaintiff Christopher Rock's injuries but again fails to identify the superseding actor or incident. Beyond these specific allegations, Defendant's Answer as a whole does not give any indication as to who else Kraft believes caused or is responsible for this incident. In other words, Plaintiffs have no notice of the identities of any alleged individuals or entities involved in the superseding or intervening acts to use Tenn. Code Ann. § 20-1-119.

Therefore, out of an abundance of caution, Plaintiffs also request that Defendant's Fourteenth, Twenty-Third, and Twenty-Fourth Affirmative Defenses be stricken.

## III.    Conclusion

Plaintiffs do not dispute Defendant Kraft's right to allege the fault of others. If Defendant Kraft can identify other persons or parties who caused Christopher Rock's injuries, Defendant Kraft should be allowed to do so consistent with Tennessee law of comparative fault.  As the pleadings stand, Plaintiffs have no notice of the identities of other parties or actors, whether superseding or intervening, against whom Defendant Kraft is attempting to shift fault. Thus, Plaintiffs cannot amend their Complaint to allege fault against the other potential tortfeasors and are denied the statutory protection of Tenn. Code Ann. § 20-1-119.  Defendant Kraft should not be permitted to gain the advantages of comparative fault (i.e., potentially asking the jury to assign fault to others) without properly invoking the state law doctrine (i.e., identifying the blamed parties and their negligent acts or omissions).

Respectfully submitted,

_/s/ J. Thomas Mihalczo, III_____
J. Thomas Mihalczo, III, BPR#
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, TN 37027
Telephone:     615.742.4880
Facsimile:      615.742.4881
tmihalczo@johndaylegal.com
*Attorneys for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

This is to certify that, on March 19, 2025, a true and correct copy of the foregoing document has been served in the manner of service indicated on the counsel of record listed below:

☐     By U.S. Mail, properly addressed and first-class postage prepaid

☐     By facsimile

☒     By operation of the Court's electronic filing system

☐     By email in Adobe PDF format pursuant to Tenn. R. Civ. P. 5.02(2)

☐     By hand delivery

☐     By third party express delivery carrier, i.e., Federal Express, for overnight delivery

Jamie K. Durrett (jamie.durrett@wilsonelser.com)
Wilson Elser, LLP
3102 West End Ave
Ste 400 Nashville, TN 37203
(615) 324-7840
(502) 238-7844 (fax)
*Attorney for Defendant(s)*
*Kraft Heinz Foods Company (LLC)*

*/s/ J. Thomas Mihalczo, III*
J. Thomas Mihalczo, III

8